MACOUPIN COUNTY HOUSING AUTHORITY, Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Fourth District   No. 4—83—0721

Opinion filed May 7, 1984.

William Denby, of Denby, Dobbs, Meno & Bloomer, P.C., of Carlinville, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Allen Samelson, Assistant Attorney General, of counsel), for respondents.

JUSTICE GREEN delivered the opinion of the court:

The case concerns procedure before respondent, the Illinois Pollu-

tion Control Board (Board). It arises from a proceeding brought before the Board by respondent here, the city of Mt. Olive (the city), pursuant to section 37 of the Environmental Protection Act (Act) (Ill. Rev. Stat. 1981, ch. 111½, par. 1037), seeking a variance concerning the use of one of its sewers. At the order of the Board, petitioner here, Macoupin County Housing Authority (Housing Authority), was made a respondent to an amended petition by the city. Without holding a hearing, the Board denied the amended petition. The Housing Authority has appealed directly to this court pursuant to section 41 of the Act (Ill. Rev. Stat. 1983, ch. 111½, par. 1041) contending, partly, that it was entitled to a hearing. We agree and reverse and remand to the Board with directions to hold a hearing.

The original petition was filed January 24, 1983. It alleged that the city's sewers had been placed on a restricted list by respondent, the Environmental Protection Agency (Agency) because of the city's construction of a sewer which overloaded its system. The petition further alleged that the Housing Authority had connected a sewer line extension to that sewer from its building which housed low-income residents. The petition requested that the Housing Authority be permitted to continue to use the sewer. The Housing Authority was joined as a respondent before the Board by the city's amended petition filed on March 14, 1983. On May 31, 1983, the Agency filed a report with the Board recommending denial of the variance. The Board's order of denial was entered July 26, 1983. On August 29, 1983, the Housing Authority filed a motion to vacate the order and for additional relief. Among other contentions, the Housing Authority asserted that it should have been granted a hearing.

On appeal the Housing Authority once again asserts that it was entitled to a hearing and also raises two other contentions. We need consider neither of them. One contention was that the Board's decision was not supported by the record. This point is mooted by our decision to remand for a hearing. The Housing Authority also maintains that by the provision of section 38 of the Act (Ill. Rev. Stat. 1981, ch. 111½, par. 1038) it was entitled to an automatic variance for one year because the Board failed to rule on the pending amended petition within 90 days of its filing. This assertion is also mooted. The parties agreed at oral argument that the Housing Authority continues to use the sewer. The one-year period which commenced 90 days after the date the Housing Authority contends that the last amended petition was filed will expire before the case is at all likely to be heard and decided on remand by the Board.

The Board and the Agency maintain that because (1) neither the

city, nor the Housing Authority made any request for a hearing until after the Board had made its decision, and (2) the city had expressly waived a hearing, the Housing Authority was not entitled to a hearing. The Housing Authority was in a somewhat unusual position before the Board because it was required by the Board to be joined as a respondent, but was in favor of, rather than against, the granting of the variance. Neither the Act nor the Board's rules enacted pursuant to section 26 of the Act (Ill. Rev. Stat. 1981, ch. 111½, par. 1026) specifically set forth the rights of such a party under such circumstances.

Section 37(a) of the Act describes the circumstances in which a party is entitled to hearing on a request for a variance in the following manner:

"The Agency shall promptly investigate such petition and consider the views of persons who might be adversely affected by the grant of a variance. The Agency shall make a recommendation to the Board as to the disposition of the petition. *If the Board, in its discretion, concludes that a hearing would be advisable, or if the Agency or any other person files a written objection to the grant of such variance* within 21 days, then a hearing shall be held \*\*\* and the burden of proof shall be on the petitioner." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 111½, par. 1037(a).

Section 37(a) is somewhat ambiguous as to whether a recommendation of denial by the Agency constitutes an objection by the Agency triggering the right to a hearing. In *Material Service Corp. v. Pollution Control Board* (1976), 41 Ill. App. 3d 192, 354 N.E.2d 37, the court, in determining that petitioner was entitled to a hearing, treated a recommendation of denial of variance by the Agency as an objection by the Agency. Since that case, the Board has amended its rules to provide by Rule 104.160(c) that:

"The Board shall authorize a hearing on any petition for variance, determined to be an adequate petition by the Board, in any of the following circumstances:

(1) When a hearing is requested by the petitioner on filing a petition in accordance with Section 104.124; or,

(2) When an objection to the variance has been filed within 21 days after the filing of the petition in accordance with Section 104.141; or,

(3) When a hearing is requested by an amended petition within 7 days after receipt of the Agency recommendation by the petitioner in accordance with Section 104.181(b)." 35 Ill.

Adm. Code sec. 104.160(c).

We reject summarily the contention that either the failure of the city to request a hearing or the city's waiver of a hearing should deprive the Housing authority of a right to be heard. The Housing Authority was involuntarily brought into the case so that its rights with respect to the requested variance could be determined. Any decision of the Board would be binding upon the Housing Authority. As the Housing Authority was not a petitioner nor, indeed, a party to the case when the petition was filed, it could not have requested a hearing at that time. The rules are not at all clear as to whether the Housing Authority could have filed an amended petition within seven days after receipt by the Board of an Agency recommendation to deny the variance. As the Housing Authority was not joined as a petitioner and had not filed an original petition, it was not in a position to file an amended petition. Thus, unless the Agency's request that the petition be denied constituted an objection triggering a right to a hearing by the terms of the statute, the Housing Authority had no way to obtain a hearing.

We need not determine whether the report of the Agency recommending denial of the variance constituted an objection as the *Material Service Corp.* case seems to suggest. If it did, then the Housing Authority was entitled to a hearing without request. Section 37(a) of the Act states that when such an objection is filed, "a hearing shall be held." Rule 104.160(c) is consistent with that requirement. If the recommendation is not an objection, the lack of any provision to obtain a hearing by a party in the position of the Housing Authority mandates that the Board grant a hearing on its own motion. Section 10(a) of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1981, ch. 127, par. 1010(a)) states that "[i]n a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice." As indicated in *North Shore Sanitary District v. Pollution Control Board* (1972), 2 Ill. App. 3d 797, 277 N.E.2d 754, due process before an administrative agency requires that a party have an opportunity to be heard.

Our ruling, reversing and remanding for the holding of a hearing, is to effectuate that right for the Housing Authority.

Reversed and remanded.

MILLER and WEBBER, JJ., concur.